# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| KIM KING, | ) |
| | ) |
|     Plaintiff, | ) |
| | )   Case No. 2:19-cv-02658-JPM-dkv |
| v. | ) |
| | ) |
| WILLIAM BARTLETT CHASE, JR., and | ) |
| GEICO (UM CARRIER), | ) |
| | ) |
|     Defendants. | ) |

**ORDER CONDITIONALLY GRANTING MOTION FOR VOLUNTARY NONSUIT WITHOUT PREJUDICE**
**ORDER IMPOSING RESTRICTIONS ON SUBSEQUENT REFILING**
**ORDER SETTING DEADLINE FOR PLAINTIFF'S FILING OF OBJECTIONS**

Before the Court is Plaintiff Kim King's Motion for Voluntary Nonsuit Without Prejudice, filed on July 20, 2020. (ECF No. 36.) Plaintiff moves the Court pursuant to Federal Rule of Civil Procedure 41(a)(2) for an order dismissing her case without prejudice. (Id. at PageID 120.) Plaintiff asserts that she has "decided not to proceed with [her] claims at this time" and that she "intends to re-file and pursue her claims in state court." (Id.) Plaintiff contends that "Defendants were consulted on July 15, 2020 and have not indicated any objection to the motion." (Id.)

Defendant William Chase, Jr. filed a response in opposition on July 21, 2020. (ECF No. 37.) Defendant asserts that prior to filing Plaintiff's Motion, Defendant did not inform Plaintiff's counsel that he did not oppose the Motion; rather defense counsel indicated that he would have to speak to his client before agreeing to Plaintiff's requested relief. (Id. at PageID

123; see also Email Correspondence between Counsel, Exh. 1, ECF No. 37-1.)  Defendant asserts that Plaintiff's failure to consult with defense counsel before filing the Motion is grounds for denying the Motion.  (Id. at PageID 124–25.)  Defendant additionally asserts that he would suffer plain legal prejudice if the case were dismissed *without* prejudice, and that any dismissal should be *with* prejudice.  (Id. at PageID 125–26.)  Finally, Defendant requests that if the Court grants the Motion, it should impose conditions on Plaintiff's refiling of the action.  (Id. at PageID 126–27.)

Defendant GEICO Advantage Insurance Company (hereinafter "GEICO") filed its Response in Opposition to the Motion on July 22, 2020.  (ECF No. 38.)  GECIO too avers that the Court should deny the Motion and that the case should only be dismissed with prejudice.  (Id.)  GEICO argues that additional restrictions and conditions should be placed on any subsequent refiling of this action.  (Id. at PageID 130.)

Plaintiff filed a Reply Brief on July 29, 2020.  (ECF No. 41.)  Plaintiff asserts that Defendants cannot demonstrate that they would suffer plain legal prejudice if the case were dismissed without prejudice, and that Plaintiff's counsel properly consulted with defense counsel.  (See generally id.)

For the reasons set forth below, Plaintiff's Motion is **GRANTED**, subject to Plaintiff's response to the conditions imposed by the Court.

I.     BACKGROUND

   A.     *Factual Background*

This action arises out of an automobile accident that occurred on or about November 28, 2018.  (Compl., ECF No. 1 ¶ 4.)  Plaintiff alleges that Defendant William Bartlett Chase, Jr. negligently rear-ended Plaintiff's vehicle while travelling eastbound on the I-240 near the

Millbranch Road exit.  (Id.)  Plaintiff asserts: (1) that Defendant operated his vehicle "negligently and carelessly and with a willful and wonton disregard for the safety of others"; (2) that Defendant violated several provisions of Tennessee Code at the time of the accident; and (3) that Defendant violated several Memphis Code of Ordinance provisions while operating his vehicle.  (Id. ¶¶ 5–11.)  Plaintiff seeks an award of $400,000 in damages, among other forms of relief.  (Id. at PageID 4–6.)

   B.  *Procedural Background*

  Plaintiff filed this action on September 27, 2019.  (ECF No. 1.)  Defendant Chase filed his Answer on October 24, 2019 (ECF No. 10), and his Amended Answer on October 25, 2019 (ECF No. 12).  The Court held a Scheduling Conference on November 20, 2019.  (ECF No. 23.)  The Conference was continued to December 12, 2019, to afford the Parties more time to prepare.  (Id.)  On December 20, 2019, a Scheduling Order was entered setting a discovery deadline of August 2, 2020 and cutting off written discovery as of July 3, 2020.  (ECF No. 27 at PageID 91.)  The Parties' deadlines for disclosure of expert witnesses elapsed on July 3, 2020, seventeen days before the Plaintiff's Motion was filed.  (Id.)

**II.**  **LEGAL STANDARD**

  Federal Rule of Civil Procedure 41(a)(2) provides, "[A]n action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper . . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."  "Whether voluntary dismissal should be granted under Rule 41(a)(2) is within the sound discretion of the district court."  Walther v. Fla. Tile, Inc., 776 F. App'x 310, 315 (6th Cir. 2019) (citing Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994)).

The primary purpose of the Rule is to "protect the nonmovant from unfair treatment." Id. "Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." Grover, 33 F.3d at 718 (quoting Cone v. W. Va. Pulp & Paper Co., 330 U.S. 212, 217 (1947)).  To determine whether dismissal without prejudice would cause the defendant "plain legal prejudice," the court should consider the following factors: (1) "the defendant's effort and expense of preparation for trial"; (2) "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action"; (3) "insufficient explanation for the need to take a dismissal"; and (4) "whether a motion for summary judgment has been filed by the defendant." Grover, 33 F.3d at 718 (citing Kovalic v. ECF Int'l, Inc., 855 F.2d 471, 473 (7th Cir. 1988)).  "The Grover factors are not an exclusive or mandatory list." Rosenthal v. Bridgestone/Firestone, Inc., 217 F. App'x 498, 502 (6th Cir. 2007).

## III.   ANALYSIS

### A.   Application of the Grover Factors to Plaintiff's Case

The first Grover factor, Defendants' "effort and expense of preparation for trial," does not support a finding that Defendants would suffer plain legal prejudice if Plaintiff's Motion was granted. Grover, 33 F.3d at 718.  The case was filed less than one year ago, and although the Parties have engaged in discovery, Defendant has not proven that the costs of litigation are so onerous that they support dismissal with prejudice or denial of Plaintiff's Motion.  Most, if not all, of the discovery conducted by the Parties can be used in any future litigation. See Rosenthal, 217 F. App'x at 502 (affirming the district court's decision to grant motion to dismiss without prejudice based in part on the fact that "discovery would largely be transferrable" to the subsequent action); see also Yandell Constr. Servs., Inc. v. LMR Constr.,

4

LLC, No. 1:17-cv-01307-JDB-egb, 2018 WL 4375112, at *3 (W.D. Tenn. Sept. 13, 2018) ("Although the Court notes that conducting over two years of litigation results in no small expense, much of the effort put forth in the discovery phase of this case could presumably be used in any future suit brought by Plaintiff against the two Defendants."); cf. Jones v. W. Reserve Transit Auth., 551 F. App'x 640, 644 (6th Cir. 2012) (noting that "[i]f [defendant's] expended efforts could have been applied in a subsequent Ohio action, this factor would be [Plaintiff's] to claim," but finding that "little to none of [the defendant's] work could be salvaged" in subsequent state court proceeding). "The mere prospect of a second lawsuit does not constitute prejudice," thus rendering ineffective Defendants' arguments that facing the same litigation in state court supports a finding of plain legal prejudice. Boettcher v. Loosier, No. 2:14-cv-02796-JPM-dkv, 2016 WL 1173182, at *2 (W.D. Tenn. Mar. 22, 2016) (quoting Rouse v. Caruso, No. 06-10961, 2007 WL 909600, at *3 (E.D. Mich. Mar. 23, 2007)). This factor, therefore, weighs in favor of granting Plaintiff's Motion.

The second Grover factor, "excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action," also does not favor Defendants' position. 33 F.3d at 718. Nothing suggests that Plaintiff has not been diligent in pursuing her claims. Plaintiff did not fail to engage in discovery or delay the progress of the case. Defendants point out that Plaintiff waited over 10 months to file her action in federal court, but this fact does not support dismissal with prejudice. (See ECF No. 37 at PageID 126.) Under Rule 41(a)(2), the relevant consideration is Plaintiff's litigation conduct after the filing of her Complaint. Her conduct during the pendency of this litigation does not demonstrate a lack of diligence or excessive delay.

5

The third <u>Grover</u> factor, the Plaintiff's reason for the voluntary dismissal, is inconclusive.  <u>See</u> 33 F.3d at 718.  While the Court is not required to consider this factor, it provides another data point by which to judge the propriety of granting Plaintiff's Motion.  <u>See</u> <u>Rosenthal</u>, 217 F. App'x at 502 ("The district court's failure to address this <u>Grover</u> factor [the sufficiency of the plaintiff's explanation] is not tantamount to an abuse of discretion." (citing <u>Ohlander v. Larson</u>, 114 F.3d 1531, 1537 (10th Cir. 1997)).  Plaintiff asserts in her Motion that she "has decided not to proceed with [her] claims at this time" and that "[i]n light of the coverage available . . . intends to re-file and pursue her claims in state court." (ECF No. 36 at PageID 120.)  Although this does provide some support for Defendants' position, the insufficiency of Plaintiff's proffered reason for dismissal is not, by itself, grounds to deny the Motion.  <u>See id.</u>; <u>see also</u> <u>Carr v. CSL Plasma, Inc.</u>, No. 14-cv-2267-JTF-cgc, 2015 WL 12805769, at *3 (W.D. Tenn. Aug. 17, 2015) ("Parties seeking dismissal without prejudice are not required to give an exact or detailed reason for their actions so long as there is some logical justification."); <u>Warehime v. Louisville Ret. Residence LLC</u>, No. 3:16-CV-00634-GNS, 2017 WL 2312700, at *3 (W.D. Ky. May 26, 2017) ("This Court and others have permitted voluntar[y] dismissal under Fed. R. Civ. P. 41(a)(2) even when the plaintiffs have admitted that they intend to refile their lawsuit in state court . . . .").  Plaintiff's asserted reasons for seeking dismissal of her action are insufficient, standing alone, to support denial of her Motion.

The fourth <u>Grover</u> factor, whether a motion for summary judgment has been filed in the case, favors granting Plaintiff's Motion.  <u>See</u> 33 F.3d at 718.  Neither Defendant has filed a motion for summary judgment.

Thus, on balance, the Grover factors all favor finding that Defendants would not suffer plain legal prejudice if the Court were to grant Plaintiff's Motion and dismiss this case without prejudice.

  B. *Defendants' Request for Additional Conditions Upon Refiling*

Defendants request that the Court impose the following conditions on any subsequent refiling of this action: (1) that the case be refiled only in federal court; (2) that the Scheduling Order's deadlines "be enforced and not extended or re-opened upon filing by the Plaintiff," specifically "Plaintiff's deadline for disclosure of expert witnesses"; and (3) that the Court award Defendants "[their] costs, expenses, and fees in defending this matter."  (ECF No. 37 at PageID 127; ECF No. 38 at PageID 130.)

The district court's grant of a Rule 41(a)(2) motion "may be conditioned on whatever terms the district court deems necessary to offset the prejudice the defendant may suffer from a dismissal without prejudice." Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc., 583 F.3d 948, 954 (6th Cir. 2009).  Plaintiffs cannot appeal these restrictions unless they have "suffered 'legal prejudice' from the conditions imposed by the district court and ha[ve] not acquiesced in those conditions." Duffy v. Ford Motor Co., 218 F.3d 623, 626 (6th Cir. 2000).

District courts may require plaintiffs to pay the defendant's litigation costs and fees. Bridgeport Music, 583 F.3d at 954.  Courts have considered several factors to determine whether to award attorneys' fees and costs as a condition of a voluntary dismissal:

> (1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation; (2) whether the defendant incurred substantial expenses in defending the action; (3) whether the plaintiff delayed in bringing the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action.

Dowling v. Select Portfolio Servicing, Inc., No. 05–cv–00049, 2007 WL 2815567, at *4 (S.D. Ohio Sept. 25, 2007) (internal citations omitted); see also Can IV Packard Square, LLC v.

7

Schubiner, 768 F. App'x 308, 313 (6th Cir. 2019) (noting that these factors, although not binding, "effectively reveal the equities at play" under Rule 41(a)(2)). District courts have also imposed discovery limitations on plaintiffs seeking to refile their dismissed cases. See, e.g., Carr, 2015 WL 12805769, at *3 (imposing condition preventing plaintiff from reopening discovery deadlines, among others).

District courts have, in some circumstances, required the plaintiff to refile any subsequent action in federal court. See, e.g., Scholl v. Felmont Oil Corp., 327 F.3d 697, 699–701 (6th Cir. 1964) (dismissing appeal when the district court imposed a condition that the case be refiled only in federal court); Versa Prods., Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1329 (11th Cir. 2004) (upholding refiling restriction requiring plaintiff to refile only in the Northern District of Georgia). Although the Sixth Circuit has suggested that such refiling restrictions are not *per se* unreasonable[1], at least three circuits have found such limitations to be categorically impermissible. See Adams v. USAA Casualty Ins. Co., 863 F.3d 1069, 1080 (8th Cir. 2017) (noting that the Eighth Circuit has "expressly declined to impose as a condition of dismissal 'a requirement that plaintiff refile, if at all, only in a federal court'" (quoting Kern v. TXO Prod. Corp., 738 F.2d 968, 973 (8th Cir. 1984))); see also Bechuck v. Home Depot, U.S.A., Inc., 814 F.3d 287, 298 n.24 (5th Cir. 2016) ("Indeed, this type of limitation is rare, a fact that lends further support to our conclusion that it is an impermissible aberration."); Am. Nat'l Bank and Tr. Co. of Sapulpa v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("After examining the briefs and record on appeal, we are convinced the district

---

[1] The Sixth Circuit in Scholl found that the refiling condition was not unreasonable, but the plaintiff in that case agreed to the conditions at a pretrial conference, unlike in this case, where Plaintiff has not consented to these conditions. See 327 F.2d at 700.

8

court did not abuse its discretion in failing to impose a refiling condition [that any refiling of the action be in federal, not state court].").

The Court will not require Plaintiff to pay Defendants' attorneys' fees and costs. Nothing suggests that Plaintiff has not prosecuted her case in good faith. All discovery in this case can be used in any subsequent action, thereby reducing the costs imposed on Defendants if Plaintiff refiles her action. See Ball v. Tenn. Valley Auth., No. 2:13-cv-904, 2015 WL 556437, at *6 (S.D. Ohio Feb. 10, 2015). While Plaintiff did not file this Motion until almost a year after filing her Complaint, this delay does not warrant granting fees, especially since no dispositive motions have been filed and discovery was not yet complete at the time Plaintiff filed her Motion. While Defendants have incurred expenses in litigating this case, such expenses will be offset by the fact that all discovery and effort expended in this litigation can be used in any future litigation.

The Court also will not impose a condition requiring Plaintiff to refile her case in federal court. The Court may have the authority to impose this condition, see Scholl, 327 F.2d at 700, but in the instant case such a limitation is inappropriate. As the Fifth Circuit in Bechuck v. Home Depot, U.S.A., Inc. stated, such a condition is "rare" and should not be used frequently. See 814 F.3d at 298 n.24. This case is dissimilar from the cases in which circuits have upheld such conditions. See Scholl, 327 F.3d at 700 (the parties agreed to the restriction); see also Versa Prods., 387 F.3d at 1326–27, 1329 (finding that a district court's imposition of a venue restriction preserved the status quo and promoted judicial economy after the case was transferred from the Eastern District of Missouri to the Northern District of Georgia). The Court will also not limit Plaintiff's choice of forum to litigate this case based

9

solely on Defendants' hypothetical assertions that any future state court litigation could last another year or two.  (See ECF No. 37 at PageID 126.)

Some refiling conditions are appropriate in this case.  This litigation is 10 months old.  Discovery is complete.  (See Sched. Order, ECF No. 27 at PageID 91.)  If Plaintiff refiles her case, **the litigation must resume as if this case had continued under the current schedule; that is, any future case will restart from this point in the litigation.  All deadlines that have elapsed must be honored.**  (See ECF No. 27.)  Such a refiling condition prevents duplicative discovery and unnecessary expense.  The Parties shall use discovery in this case in any future litigation.

Generally, the party moving for voluntary dismissal under Rule 41(a)(2) is given an opportunity to respond to refiling conditions imposed by the Court.  See Kienitz v. Metro. Life Ins. Co., 131 F.R.D. 106, 107 (E.D. Mich. 1990).  Plaintiff shall have until **Friday, September 28, 2020** to object to these conditions or withdraw her Motion.  See id.

### IV.  CONCLUSION

For the reasons set forth above, the Motion is conditionally **GRANTED**, subject to any objections to the conditions by Plaintiff.  Plaintiff shall file any objections by no later than **Friday, September 28, 2020.**  If no objections are received or the Motion is not withdrawn, Plaintiff's Motion to Dismiss Without Prejudice with the conditions for refiling as set out above shall be granted and a judgment of dismissal without prejudice entered.

**SO ORDERED**, this 19th day of August, 2020.

   /s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE